# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH COUNTS,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:11-cv-01571-JAD-GWF

**ORDER**

Before the court are Kenneth Counts's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1) and respondents' answer (#22). Having thoroughly and thoughtfully considered this matter, the court finds that relief is not warranted and denies the petition.

**A.    Procedural History**

In state district court, petitioner Counts was charged with conspiracy to commit murder and murder with the use of a deadly weapon. Ex. 3 (#23). After a jury trial, Counts was found guilty of conspiracy to commit murder and found not guilty of murder with the use of a deadly weapon. Ex. 22 (#24). After the verdicts, on February 11, 2008, the prosecution filed a notice of habitual criminality pursuant to Nev. Rev. Stat. § 207.010. Ex. 23 (#24). The state district court held its sentencing hearing on March 20, 2008, and the judge decided to adjudicate petitioner as a habitual criminal. Ex. 29 (#24). He was sentenced pursuant to the small habitual criminal statute, Nev. Rev. Stat. § 207.010(1)(a). The judge imposed a prison sentence with a minimum term of 8 years and a maximum term of 20 years. Ex. 30 (#24).

Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 39 (#24). Mr. Counts then filed a post-conviction habeas corpus petition in the state district court, Ex. 52 (#25), which denied the petition. Ex. 63 (#25). Counts appealed, and the Nevada Supreme Court affirmed. Ex. 78 (#25). Petitioner Counts then commenced this action.

**B.      Habeas Relief in Federal Court**

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is

possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 131 S. Ct. at 786.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 786-87.

**C.     Counts's Arguments**

   ***1.     Ground 1: ineffective assistance of counsel***

Ground 1 contains claims of ineffective assistance of counsel regarding the habitual-criminal adjudication. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (citations omitted).

Both the Nevada Supreme Court and the state district court summarily rejected Counts's claims of ineffective assistance of counsel. The question before this court is whether the Nevada

Supreme Court reasonably could have concluded that petitioner received effective assistance of counsel.  See Harrington, 131 S. Ct. at 784.

First, petitioner appears to complain that counsel did not object to the filing of the notice of habitual criminality until after the jury's verdicts.  At the time, the law allowed the prosecution to file a notice of habitual criminality after the jury gave its verdicts, so long as sentencing occurred at least 15 days after the filing of the notice.  Nev. Rev. Stat. § 207.016(2) (2008).[1]  The filing of the notice complied with the statute because the sentencing hearing occurred more than a month later.  Trial counsel objected to the notice of habitual criminality at the sentencing, arguing that the notice was improper after petitioner had been acquitted of murder.  Appellate counsel raised the issue on direct appeal.  Ex. 37, at 12-14 (#24).  The Nevada Supreme Court rejected the issues.  Ex. 39, at 8-9 (#24).  Counsel could have done nothing more.

Second, petitioner argues that counsel ignored that he should have been arraigned on the habitual-criminal notice.  Due process requires that a defendant be given notice of the intent to seek habitual-criminal adjudication, but due process does not require that the notice be given before the trial on the underlying, substantive offense.  Oyler v. Boles, 368 U.S. 448, 452 (1962).  Additionally, state law defines habitual criminality as a status, not as a crime by itself.  "Since an allegation of habitual criminality does not charge a crime, a sentence may be imposed thereon in the absence of a formal guilty plea."  Parkerson v. State, 678 P.2d 1155, 1156 (Nev. 1984).  The lack of argument for arraignment was not ineffective assistance of counsel.

Third, petitioner argues that counsel should have denied the existence of his prior felony convictions and insisted upon a hearing to prove their existence pursuant to Nev. Rev. Stat. § 207.016(3).  However, petitioner himself confirmed the existence of the prior convictions in his testimony at trial.  Ex. 21, at 219-22 (direct examination), 240-44 (cross-examination) (#24).  Counsel then could not have denied the existence of those convictions at sentencing.

---

[1] A 2013 amendment changed when the prosecution may file a separate notice of habitual criminality, but petitioner's judgment of conviction became final before that amendment took effect.

-4-

Fourth and last in ground 1, petitioner argues that counsel should have objected that certified copies of the prior convictions were not provided to the defense before the sentencing hearing. However, at the sentencing hearing, the prosecutor stated that copies were provided with the pre-trial discovery. Ex. 29, at 2-3 (#24). In the order denying the state habeas corpus petition, the state district court found the same. Ex. 63, at 4 (#25). Petitioner has not shown how the state district court's finding was unreasonable in light of the evidence presented to that court. 28 U.S.C. § 2254(d)(2). Additionally, petitioner's own testimony at trial shows that both he and his counsel knew about the prior convictions long before the sentencing hearing, regardless of their possession of certified copies. The purpose of the certified copies of prior judgments of conviction is not to give petitioner notice of the prior convictions—the notice of habitual criminality serves that purpose—but to provide prima facie evidence to the court at sentencing that the convictions exist. See Nev. Rev. Stat. § 207.016(5). Petitioner suffered no prejudice from not being provided with certified copies of his prior judgments of conviction before sentencing.

### 2.     *Ground 2: due process violations related to the habitual-criminal adjudication*

Ground 2 contains three claims of due-process violations. First, petitioner Counts claims that he was ineligible for adjudication as a habitual criminal because his prior convictions were both non-violent and remote in time. There are no such limitations on habitual-criminal adjudication in Nevada. "NRS 207.010 makes no special allowance for non-violent crimes or for the remoteness of convictions; instead, these are considerations within the discretion of the district court." Arajakis v. State, 843 P.2d 800, 805 (Nev. 1992). This part of ground 2 is without merit.

Second, petitioner claims that the trial court did not make the proper findings that it was just and proper to adjudicate him as a habitual criminal. Nev. Rev. Stat. § 207.010 does not require any such particularized findings of fact, only that the court know that it has the discretion to adjudicate a person as a habitual criminal. Tilcock v. Budge, 538 F.3d 1138, 1144 (9th Cir. 2008) (citing O'Neill v. State, 153 P.3d 38 (Nev. 2007), Hughes v. State, 996 P.2d 890 (Nev.2000) (per curiam)). The transcript of the sentencing hearing reflects that the judge considered the arguments of both sides before deciding to impose the habitual criminal enhancement. Ex. 29, at 14-15 (#24). This part of ground 2 is without merit.

Third and last in ground 2, Counts claims that the determination that he was a habitual criminal was based upon incorrect information in the pre-sentence investigation report and that he shares the same first and last name with six cousins. However, the notice of habitual criminality relied upon two prior convictions to which petitioner himself admitted in his trial testimony and which the prosecution provided to him in pre-trial discovery. Counts has the burden of proving that the other arrests and criminal activities in his pre-sentence investigation report were incorrectly attributed to him; he has presented no such proof. And, as respondents note, once the requisite number of convictions has been established, the trial court may consider other criminal activity in determining whether to adjudicate petitioner as a habitual criminal. This part of ground 2 is without merit.

### *3.     Ground 3: additional due process arguments*

In ground 3, petitioner claims that due process was violated because he could not have been sentenced under any one of three alternatives. First, he argues that he could not have been sentenced under Nev. Rev. Stat. § 207.010(1)(b), also known as the large habitual criminal statute, because the prosecution did not prove that he had been convicted of three prior felonies. Second, he argues that he could not have been sentenced as a habitually fraudulent felon under Nev. Rev. Stat. § 207.014 because fraud was not an element in his prior or current convictions. Third, he could not have been sentenced as a habitual felon under Nev. Rev. Stat. § 207.012 because his prior crimes were not those listed as qualifying felonies. Petitioner overlooks the one provision that is applicable to him, the small habitual criminal statute:

> 1. Unless the person is prosecuted pursuant to NRS 207.012 or 207.014, a person convicted in this State of:
>
> (a) Any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, <u>who has previously been two times convicted</u>, whether in this State or elsewhere, of any crime which under the laws of the situs of the crime or of this State would amount to a felony, or who has previously been three times convicted, whether in this State or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, is a habitual criminal and shall be punished for a category B felony by imprisonment in the state prison for a minimum term of not less than 5 years and a maximum term of not more than 20 years.

Nev. Rev. Stat. § 207.010 (emphasis added) (2008). The prosecution presented two prior felony convictions, both of which petitioner admitted in his trial testimony. See Ex. 23 (#24). The trial

court sentenced him to prison for a minimum term of 8 years and a maximum term of 20 years, which is authorized by § 207.010(1)(a), and the trial court mentioned specifically the small habitual criminal statute.  See Ex. 30 (#24).  This part of ground 3 is without merit.

As for the remaining arguments in ground 3, either they rest upon petitioner's incorrect assumption that he was adjudicated as a habitual felon pursuant to Nev. Rev. Stat. § 207.012 or the court already has rejected the arguments in its analysis of grounds 1 and 2.

### 4. *Ground 4: Eighth Amendment violation*

In ground 4, Counts claims that his sentence violates the Eighth Amendment.  In its analysis of grounds 1, 2, and 3, the court has already has addressed and rejected all the arguments that petitioner has presented in this ground.  Changing the constitutional theory does not change the outcome.  Ground 4 is without merit.

### D. No Certificate of Appealability

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This court concludes that reasonable jurists would not find any of the court's determinations to be debatable or wrong, and the court will not issue a certificate of appealability.

### Order

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus (#1) is **DENIED**.  The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

July 22, 2014

JENNIFER A. DORSEY
United States District Judge